# Gang Land News
*Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

March 6, 2023

Honorable Hector Gonzalez
U. S. District Court Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

### Re: US v. Theodore Persico, 21CR466(HG)

Honorable Rachel Kovner
U. S. District Court Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

### Re: US v. Theodore Persico, 10CR147(RPK)

Dear Judges Gonzalez & Kovner:

I respectfully submit this letter for the purpose of intervening in the cases cited above to assert the public's rights under the common law and First Amendment to obtain access to about 25 tape recorded conversations that were cited by the government in its March 3, 2023 filing as reasons why the defendant should be denied bail in the two cases in which he is being prosecuted. The taped talks, which the government also cited in a filing a year ago, are conversations that defendant Persico had in March 2021 with codefendants and other alleged members and associates of the Colombo crime family, according to the government.

Specifically, I petition the Courts to treat this application as a claim asserted by an interested party on behalf of the public for the release of material regarding an important aspect of a criminal case, namely whether a defendant charged with racketeering in 21CR466, and with 15 violations of his supervised release in 10CR147, should be detained without bail as he awaits trial on each case.

I ask that the Courts treat this letter as a *pro se* motion, list it as such on the court docket sheets, and declare that I am an interested party in the case.

# **Gang Land News**
*Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts, including the Second Circuit, have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald,* 734 F.2d at 96. *In re Application of Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984).

Since the 1970s, I have covered federal court proceedings as a staff reporter for the New York Post and New York Daily News, as a freelance writer, and also an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

I have written numerous stories about both cases. They both contain newsworthy charges about an individual whom the government has alleged to be a major member of the Colombo crime family, and I plan to continue writing[2] about them until each is resolved.

The cited conversations (see Pages 3 and 4 of the March 3 government letter, document 429) were between the defendant and a number of "known and suspected members of organized crime" who were said to be seeking to arrange "in-person meetings" with Persico, according to the government.

The conversations are a key point of contention between the government and the defendant about his continued incarceration some 18 months after he was charged in both cases and should be aired under the public's "presumptive right to inspect and copy public records and documents,

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner,* 435 U.S. 589, 597 (1978); *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post,* 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside,* 478 U.S. 1, 15 (1986); *Stone,* 855 F.2d at 180.

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds,* Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo,* 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

including judicial records and documents" in criminal cases in the U.S. Courts. *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)).

There has been no showing by the government – or the defendant for that matter – of any factual or legal basis for the conversations not to be disclosed.

The prosecutors assert that the conversations back up their contention that bail should be denied. The defendant has not yet responded to the government's reply to his motion. But he has stated several times in court filings since his incarceration in 2021 that the government has virtually no evidence of any involvement by him in the racketeering charge that is the centerpiece of the racketeering indictment – an extortion of a labor union for many years – and that he qualifies for detention because there are conditions available that will assure that he complies with any bail restrictions that the Court were to assign.

Here, neither the government nor the defendant has disclosed any reason – let alone an extraordinary or compelling one – that would trump the press and the public's First Amendment right to access all the conversations that are at issue while he contests the government arguments that he should not be released on bail. *See Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510-11 (1984) ("The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest.")

This right "allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system" (*FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d at 410.) as well as the stated presumption of openness that applies to judicial records in all criminal cases.

In its filing, the government refers briefly to discussions that Persico had with a co-defendant in the 2010 prosecution, Francis Guerra, but names none of the others who spoke to the defendant. I petition the court to release transcripts of what appears to be two separate discussions between Persico and Guerra, as well as names of the others who spoke to the defendant that month, as well as summaries – or draft transcripts – of those conversations that have already been prepared.

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or other individuals, the public and the press have common law and First Amendment rights to all judicial documents in a criminal case.

Accordingly, I ask that you unseal the requested conversations, with appropriate but limited redactions that the Court feels may be necessary, on the grounds, a.) that both the government and defendant believe they are important talks that establish their contrary positions on the

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

subject of bail for the defendant while he awaits trial; b.) that based upon information and belief, they have been shared by the government with the defendant and his codefendants, and c.) that the public has a common law and First Amendment right to view them under all the judicial precedents cited above.

As the learned and distinguished Judge Louis Brandeis, who served 25 years on the U.S. Supreme Court wrote, not in a decision by the High Court, but in a *Harper's Weekly* article titled, "What Publicity Can Do," in 1913, three years before his appointment: "Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman."

For all the above-stated reasons, and for any other legal doctrines or precedent-setting dicta by the U.S. Supreme Court that this Court deems relevant and appropriate, I most respectfully petition your Honor to unseal the requested tape recordings and the draft transcripts of them andf make them available to the press and the public on the grounds that their sealing is not "necessitated by a compelling United States interest."

Thank you.

Sincerely,

*[signature]*

Jerry Capeci

cc Joseph Corozzo, AUSAs Devon Lash, James McDonald, Michael Gibaldi, Andrew Reich