

U.S. Department of Justice

United States Attorney
Eastern District of New York

JPM/DEL/MWG/ADR  271 Cadman Plaza East
F. #2021R00637  Brooklyn, New York 11201

March 14, 2023

By ECF and E-mail

The Honorable Rachel P. Kovner  The Honorable Hector Gonzalez
United States District Judge  United States District Judge
Eastern District of New York  Eastern District of New York
225 Cadman Plaza East  225 Cadman Plaza East
Brooklyn, New York 11201  Brooklyn, New York 11201

Re: United States v. Theodore Persico, Jr.
Criminal Docket Nos. 21-466 (S-1) (HG); 10-147 (RPK)

Dear Judge Kovner and Judge Gonzalez:

The government respectfully submits this letter in response to the motion filed by non-party Jerry Capeci on March 6, 2023 (the "Motion") to unseal "25 tape recorded conversations that were cited by the government in its March 3, 2023 filing as reasons why [defendant Theodore Persico, Jr.] should be denied bail in the two cases in which he is being prosecuted." See 21-CR-466 Dkt. No. 431 at 1; 10-CR-147 Dkt. No. 935 at 1. Because the recordings are not judicial documents filed to any docket in this district, there is nothing for the Court to unseal and the request should be denied.

I.  Applicable Law

It is "well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." United States v. Silver, No. 15-CR-93 (VEC), 2016 WL 1572993, at *3 (S.D.N.Y. April 14, 2016) (quoting Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014)); Application of Nat'l Broadcasting Co., Inc., 635 F.2d 945, 952 (2d Cir. 1980) (noting the "presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial"). That right, however, is not absolute and must be balanced against "countervailing factors" that may warrant tailored limitations on public access. United States v. Amodeo, 71 F.3d 1044, 1048-50 (2d Cir. 1995) ("Unlimited access to every item turned up in the course of litigation would be unthinkable.").

In assessing a public right of access to judicial documents, the Second Circuit has established a three-part test. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). First, before the right of public access to judicial documents can attach, the court

must determine that the documents are "judicial documents." Second, the court must determine what weight to assign to the presumption of access. Third, the court must balance countervailing interests against the presumption to determine whether they outweigh the presumption of access. Id. With respect to the first prong, "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies." Id. at 122 (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 409 (1st Cir. 1987)).

II.     Discussion

The documents that the Motion seeks to unseal are recorded communications intercepted pursuant to judicially-authorized wiretap orders. The government referenced those communications in its opposition to defendant Persico's most recent motion for pretrial release (21-CR-466 Dkt. No. 429; 10-CR-147 Dkt. No. 934) as examples of Persico's extensive violations of the terms of his previous supervised release. Although the government cited the recordings by their session numbers, it did not attach them to its motion or otherwise file them to the docket, sealed or unsealed. The recordings are therefore not "judicial documents" to which any right of access attaches. Rather, they are simply materials produced in discovery by the government to the defendant in these cases, which are subject to a protective order. See, e.g., United States v. Alshahhi, No. 21-CR-371 (BMC), 2022 WL 2239624, at *17 (E.D.N.Y. June 22, 2022), reconsideration denied, No. 21-CR-371 (BMC), 2022 WL 3595056 (E.D.N.Y. Aug. 23, 2022) ("documents exchanged during discovery are not judicial documents") (quoting Amodeo, 71 F.3d at 1050).[1]

To the extent Mr. Capeci seeks discovery produced in this case that has not been filed on the case docket, he may make a request to the appropriate executive branch entity, not to the Court. See, e.g., United States v. HSBC Bank USA, N.A., 863 F.3d 125, 142 (2d Cir. 2017) ("In light of our conclusion that the Monitor's Report is not a judicial document, we do not reach

---

[1] The Motion also seeks "transcripts" or "summaries" of two recorded conversations between Persico and Francis Guerra, which the government described in its March 3, 2023 submission. See Mot. at 3. Several days after the Motion was filed, Persico submitted a reply to the government's March 3, 2023 submission, attached to it under seal a "legal assistant's transcription" of one of the Guerra recordings, and reminded the Court of Mr. Capeci's unsealing request. The Court need not find that the transcript filed by Persico is a judicial document simply because Persico submitted it in connection with his reply. Indeed, Judge Cogan has found that this kind of "gamesmanship to publicize documents subject to a protective order" does not require the Court "to reflexively find that [the] documents are judicial." Alshahhi, 2022 WL 2239624, at *18. This is particularly so where a defendant attaches documents that are "irrelevant" to the heart of the motion, or support only "non-viable" arguments. Id. Here, Perisco attached the call transcript in connection with his third consecutive motion for bail in this case in which he identified no errors in the denials of his previous applications. Instead, Persico attached the transcript merely to assert that "it was Guerra who asked Mr. Persico if he has WhatsApp," an entirely undisputed and irrelevant fact that misses the government's point about this communication—namely, that Persico violated the terms of his supervision by speaking with Guerra and discussing a possible meeting with him.

whether a First Amendment or common law right of access would have ultimately required the unsealing of the document (in any form) under the circumstances of this case. . . . 'The appropriate device' for obtaining executive records 'is a Freedom of Information Act request addressed to the relevant agency.') (citation omitted).

      For these reasons, the Motion should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
James P. McDonald
Devon Lash
Michael W. Gibaldi
Andrew D. Reich
Assistant U.S. Attorneys
(718) 254-7000

cc:     Clerk of the Court (RPK) (HG)
        Counsel of record (by ECF)
        Jerry Capeci (by ECF)