UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM & ORDER** |
| v. | 21-CR-00466-9 (HG) (JRC) |
| THEODORE PERSICO, | |
| Defendant. | |

**HECTOR GONZALEZ**, United States District Judge:

On February 21, 2023, Defendant Theodore Persico filed a motion for bond and for reconsideration of Magistrate Judge James R. Cho's decision denying Defendant's bail application on March 23, 2022 ("Motion for Bond").  ECF Nos. 425, 435.  For the reasons discussed below, Defendant's Motion for Bond is denied.

## BACKGROUND

The Court assumes familiarity with the background of this case, *see generally United States v. Russo*, No. 21-cr-466, 2023 WL 2477664, at *5 (E.D.N.Y. Mar. 13, 2023), and only briefly discusses the relevant facts.

On September 8, 2021, a grand jury charged Defendant, along with others, with nineteen counts in a sealed indictment filed with the Court.  ECF No. 1.  Defendant was arraigned on the indictment on September 14, 2021.  ECF No. 50 (ECF Minute Entry for Arraignment as to Theodore Persico).  Magistrate Judge Taryn A. Merkl denied Defendant's bail application, which included home detention and a $2 million bond secured by seven financially responsible sureties and six properties.  ECF No. 429 at 2; ECF Nos. 50, 51 (Order of Detention).  Judge Merkl found that Defendant posed a danger to the community because of his leadership role in the alleged criminal enterprise.  *Id.*

On March 14, 2022, Defendant filed a renewed motion for bond.  ECF Nos. 258, 269.  On March 22, 2022, the government filed its opposition.  ECF No. 275.  On March 23, 2022, Judge Cho held a hearing.  *See* ECF Minute Entry dated March 23, 2022.  The government argued that offering to construct "what amounts to a porous mini-prison at [Defendant's] home would be contrary to Second Circuit precedent . . . [and] purposeless."  ECF No. 429 at 3.  The Defendant's bail application was once again denied.

On April 13, 2022, a grand jury returned a 21-count superseding indictment ("Superseding Indictment") charging Defendant, along with others, with various criminal schemes committed by alleged members and associates of the Colombo crime family.  ECF No. 286.  The charges follow from an investigation into allegations that members of the Colombo crime family extorted an official of a labor union ("Labor Union").  One of the intended victims of the extortion scheme was John Doe #1, a senior official of the Labor Union and a trustee for the Labor Union's employee welfare benefit fund (the "Health Fund"), that provided medical benefits, including dental, optical and pharmacy benefits to Labor Union members and other qualifying plan participants.  The Superseding Indictment charges Defendant with various offenses involving, among other things, racketeering, extortion, embezzlement, and fraud.  In addition, the conduct alleged in the Superseding Indictment resulted in Defendant being charged with 15 violations of supervised release stemming from an earlier conviction in this District.  *See United States v. Persico*, No. 10-cr-147, ECF No. 912.

On February 21, 2023, Defendant filed the instant motion proposing the following conditions:  home incarceration with location monitoring; the installation of a surveillance system at his residence; random and unannounced searches of his home by Pretrial Services; surrender of any passport; strict pre-trial supervision; travel restricted to the E.D.N.Y. and

S.D.N.Y.; no contact with known victims, witnesses, potential witnesses, co-defendants (except in the presence of an attorney), known members or associates of organized crime; no phone usage with limited exceptions; no use of a computer, tablet, smart phone or other electronic devices with limited exceptions; and a $5 million bond, partially secured by six properties and co-signed by 10 individuals. ECF No. 425 at 9–10. The government opposed the motion. ECF No. 429.

## LEGAL STANDARD

When a defendant seeks review of a magistrate judge's order of detention, the district court is required to consider the denial of bail *de novo*, and "reach its own independent conclusion." *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).[1] However, "a district judge is entitled to give a magistrate judge's findings of fact such weight as their merit commands and the sound discretion of the judge warrants." *United States v. Fishenko*, No. 12-cr-626, 2013 WL 3934174, at *2 (E.D.N.Y. July 30, 2013).

The Bail Reform Act authorizes detention when it is determined that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Court must consider a number of factors when deciding an application for bail, including: "(1) the nature and circumstances of the offenses charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Fishenko*, 2013 WL 3934174, at *2; *see also* 18 U.S.C. § 3142(g). The Court may also "consider uncharged conduct in

---

[1] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

assessing the degree of danger posed by a defendant's release." *United States v. Choudhry*, 941 F. Supp. 2d 347, 350 (E.D.N.Y. 2013). Nevertheless, the government has an obligation to support a finding of dangerousness by "clear and convincing" evidence, *see United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995), and must support a finding of risk of flight by a "preponderance of the evidence," *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987). However,

> evidence may be supplied through proffers and hearsay information, and the Federal Rules of Evidence do not apply. A defendant thus may be incarcerated pending trial without the many constitutional and evidentiary protections normally guaranteed to those who are to be punished pursuant to judicial proceedings. Indeed, because detention pending trial is considered regulatory rather than punitive, the decision to detain a defendant pending trial does not require proof of a threat beyond a reasonable doubt, is not subject to Sixth Amendment jury guarantees, and does not provide for the defendant's right to confront and cross-examine witnesses.

*Choudhry*, 941 F. Supp. 2d at 350. Nonetheless, the Court is "mindful of the due process considerations attendant to any form of detention," and exercises its authority to detain a defendant before trial with "circumspection." *United States v. Bruno*, 89 F. Supp. 3d 425, 429 (E.D.N.Y. 2015).

## DISCUSSION

In considering Defendant's Motion for Bond, the Court reviewed *de novo* the parties' submissions in the instant motion, as well as the arguments previously raised in Defendant's pre-trial motions, ECF Nos. 378, 382, 410, 413, and Defendant's previous motion for bond, ECF Nos. 258, 269, 275. The Court will first address the four factors under 18 U.S.C. § 3142(g) to determine whether the government has met its burden to prove by clear and convincing evidence

4

that Defendant is a danger to the community.[2] The Court will then address whether any condition or combination of conditions are a suitable alternative to detention.

1. Nature of the Crime, Weight of the Evidence, and Seriousness of Danger to the Community

The government presents evidence that Defendant: (i) violated the conditions of his supervised release by communicating with known and suspected members of organized crime, and arranging in-person meetings, ECF No. 429 at 3–4 (discussing intercepted telephone calls); (ii) met in-person with high-level members of the alleged criminal enterprise in order to discuss extortion of the Labor Union and Health Fund on April 1, 2021, *id.* at 5–6; ECF No. 275 at 9–12 (discussing surveillance and providing photographic evidence of one of Defendant's meeting); (iii) met with lower-level members of the alleged criminal enterprise on multiple occasions, which suggests that he had a supervisory role, *id.* at 6 (discussing intercepted calls and surveillance of members of the Colombo crime family going to Defendant's place of business in November 2020, February 2021, March 2021, and April 2021); and (iv) met with the now-deceased boss of the Colombo crime family at least once (discussing surveillance of Defendant leaving Defendant Russo's home on March 29, 2021). The government argues that in light of his participating in the extortion scheme, his supervisory role in the Colombo crime family, and his brazen violations of supervised release, Defendant presents a danger to the community. ECF No. 429 at 6.

Defendant argues that he is not a danger to the community because his role in the hierarchy of the alleged racketeering enterprise is misconstrued, and he is not the alleged

---

[2]  The government does not contend that Defendant is a flight risk. *See generally* ECF No. 429.

5

enterprise's "boss." ECF No. 425 at 3. Defendant further argues that the government cannot prove that Defendant "gave any orders to anyone in the enterprise." *Id.* at 4.

As the Court explained in *Russo*, "Defendant Persico's precise position in the racketeering enterprise's hierarchy is not material to a finding that he was involved in criminal activity. The critical fact is that he was a senior leader of the enterprise, regardless of whether he was its *de jure* or *de facto* 'boss.'" 2023 WL 2477664, at *5. Regardless of his formal position, the government presents strong evidence to suggest that Defendant had a critical supervisory role in the enterprise and that he violated the terms of his supervised release. *See supra; see also United States v. Destine*, No. 20-cr-293, 2022 WL 2181453, at *3–4 (E.D.N.Y. June 16, 2022) (considering defendant's role as a "high-level leader" in a street gang as weighing against defendant's release). These allegations against the Defendant are serious, suggest that he will pose a danger to the community, and weigh in favor of his detention.

2. Characteristics of the Defendant

The government presents evidence that Defendant: (i) has a long history of serious felony convictions; (ii) allegedly committed numerous new offenses in 2020 and 2021 related to extortion, money laundering and false statements; and (iii) violated his parole and terms of supervised release following release from his last three prison terms. ECF No. 429 at 1; *see also* ECF No. 275 at 3–4. More specifically, the government describes: (i) Defendant's criminal conduct over the last 30 years, including four convictions in the 1980s, possession of a firearm and violent extortion in 2004, and conspiracy to commit murder in aid of racketeering in 2012 (which occurred when the defendant was on brief release from prison),[3] ECF No. 429 at 4, ECF

---

[3] In 2012, Defendant waived indictment and pleaded guilty to conspiracy to commit murder in aid of racketeering. *See Persico*, No. 10-cr-147, ECF No. 563 (Minute Entry Proceedings before Judge Sandra L. Townes). The presentence investigation report in that case

No. 275 at 3–4; (ii) violations of supervised release including approximately 25 calls between known and suspected members of organized crime, ECF No. 429 at 3–4; ECF No. 275 at 6–7[4]; and (iii) Defendant's alleged involvement in the criminal schemes described in the Superseding Indictment, ECF No. 275 at 7–12.  In response, Defendant argues that while his criminal history is relevant, the Court should consider that Defendant is:  (i) devoted to his fiancée with whom he has been in a 15-year relationship; (ii) that his fiancée has serious health issues; and (iii) that Defendant provides critical care to his fiancée and her sick mother, as well as Defendant's own mother.  ECF No. 425 at 6–7.  Defendant also raises concerns about his own health and asks the Court to consider "MDC's inaction" in considering his renewed bail application.  *Id.* at 7.  While the Court is sympathetic to Defendant's family's health issues and the support he may provide them, this is insufficient to counterbalance his significant criminal history, which includes violent offenses.  Defendant's criminal history also weighs against denial of bail pending trial.

3. <u>Alternatives to Detention</u>

Defendant argues that more stringent conditions than he was under during the alleged violations of supervised release could be imposed.  ECF No. 425 at 8–9.  Defendant suggests that

---

noted that while Defendant was furloughed from state prison to attend his grandmother's wake, he "ordered members of his crew to kill" a member of a rival faction of the Colombo crime family.  ECF No. 275 at 4.  Defendant was ultimately sentenced to a 10-year term of imprisonment, a consecutive two-year term of imprisonment on the violations of supervised release in a prior case, *United States v. Persico*, No. 05-cr-531 (E.D.N.Y), followed by a three-year term of supervised release.  He was released on supervised release in May 2020.  ECF No. 275 at 4.

[4]   Defendant does not explicitly dispute the government's assertions that Defendant violated the terms of his supervised release, though he does note that nothing in Defendant's application should be construed as an admission.  *See* ECF No. 425 at 5 ("We acknowledge the magistrate's concern about the weight of the evidence in the related, ongoing VOSR matter.  The alleged violations of Mr. Persico's supervised release admittedly do not reflect well upon the defendant.").

7

restrictions such as home incarceration with location monitoring, video surveillance at his residence, random and unannounced searches of his home, surrender of his passport, and restrictions on phone and computer use, in combination with a $5 million bond are suitable alternatives to detention.  *Id.* at 9.  The Court finds that Defendant's history of violating the conditions of his supervised release by communicating with known and suspected members of organized crime, as well as his history of committing crimes while on parole and supervised release, is relevant to the determination of whether alternatives to detention are adequate to assure the safety of the community.  Taking this and the aforementioned factors into consideration, the Court concludes that there is no condition or combination of conditions that will reasonably assure the safety of the community if Defendant is released.  While the Court acknowledges that only "a limited group of offenders . . . should be denied bail pending trial, . . . upon consideration of the statutory factors, the Court concludes Defendant is among them." *Destine*, 2022 WL 2181453, at *4.  Moreover, the Court is inclined to agree that Defendant's proposal "elaborately replicate[s] a detention facility without the confidence of security such a facility instills," *United States v. Millan*, 4 F.3d 1038, 1049 (2d Cir. 1993), and for this reason, also finds that there are no conditions of release that will reasonably assure the safety of the community.

Finally, Defendant argues that due process concerns favor a grant of bail because by the time this case reaches its October 2023 trial date, he will have been detained without bail for over two years—and one year since the parties allegedly agreed to be ready for trial in November 2022.  ECF No. 425 at 11.  "To determine whether the length of pretrial detention has become constitutionally excessive, a court must weigh three factors:  (i) the length of detention; (ii) the extent of the prosecution's responsibility for the delay of the trial; and (iii) the strength of the

8

evidence upon which the detention was based. No particular time period marks the constitutional limit of pretrial detention; each case must be examined on its own facts." *United States v. Shipp*, No. 19-cr-29, 2020 WL 3642856, at *2 (E.D.N.Y. July 6, 2020). While true that Defendant has been detained for over two years, the delay is attributable to ongoing plea negotiations, the complexity of the case, the nature and extent of discovery, substantial motion practice, and preparation for trial—none of which is attributable to the government. Moreover, as discussed herein, Defendant's detention is based on "clear and convincing" evidence that the Defendant presents a danger to the community. *Ferranti,* 66 F.3d at 542. In light of the "strong evidence justifying pretrial detention and the Government's lack of responsibility for the delay in his trial," the Court finds that Defendant's detention "does not violate his due process rights at this time." *Shipp*, 2020 WL 3642856, at *3.

## CONCLUSION

For the reasons set forth herein, Defendant Persico's Motion for Bond is DENIED. SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 17, 2023

9