UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM & ORDER** |
| v. | 21-CR-00466-9 (HG) (JRC) |
| THEODORE PERSICO, | |
| Defendant. | |

**HECTOR GONZALEZ**, United States District Judge:

Non-party Jerry Capeci of Gang Land News moves to unseal recorded communications intercepted pursuant to judicially-authorized wiretap orders that were cited by the government in its March 3, 2023, opposition to Defendant Persico's motion for bond ("Motion to Unseal"). ECF No. 431 at 1. For the reasons discussed below, the Motion to Unseal is denied.

## BACKGROUND

The Court assumes familiarity with the background of this case, *see generally United States v. Russo*, No. 21-cr-00466, 2023 WL 2477664, at *5 (E.D.N.Y. Mar. 13, 2023), and only briefly discusses the relevant facts. On April 13, 2022, a grand jury returned a 21-count superseding indictment charging fifteen defendants with various criminal schemes committed by alleged members and associates of the Colombo crime family. ECF No. 286. On February 21, 2023, Defendant Persico filed a motion for bond pending trial. ECF No. 425. On March 3, 2023, the government filed its opposition to Defendant's motion. ECF No. 429. On March 6, 2023, non-party Jerry Capeci filed the Motion to Unseal seeking access to certain communications referenced in the government's opposition. ECF No. 431. On March 14, 2023, the government filed its opposition to the Motion to Unseal. ECF No. 440.

## LEGAL STANDARD

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *United States v. Silver*, No. 15-cr-93, 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016).[1] The Second Circuit has established a three-part test in order to assess the public right of access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the Court must conclude that the document at issue is a "judicial document" by examining whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. If the Court determines the documents are judicial documents, a common law presumption of access attaches, and the Court must then determine the weight to be given to that presumption. *Id.* Finally, the Court must balance the weight of the presumption of access against any countervailing factors that are present, which may include, but are not limited to, "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.

## DISCUSSION

The "25 tape recorded conversations" that Mr. Capeci seeks to unseal, ECF No. 431 at 1, are recorded communications intercepted pursuant to judicially-authorized wiretap orders. The government cited to these communications in its opposition to Defendant Persico's most recent motion for bond "as examples of Persico's extensive violations of the terms of his previous supervised release." ECF No. 440 at 2. The government did not, however, attach these communications to its opposition or file them on the Court's docket. *Id.* "Rather, they are

---

[1] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

simply materials produced in discovery to the defendant . . . which are subject to a protective order." *Id.* Accordingly, the communications are not "judicial documents," and do not meet the first prong of the test set forth in *Lugosch.* 435 F.3d at 119; *see also United States v. Smith*, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013) ("[E]xperience and logic show that there is no right of access to discovery materials. . . . Because discovery is a private process between the parties to an action[,] . . . courts generally view the documents or materials shared between them as outside the judicial function and therefore not presumptively accessible."); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (finding that documents exchanged during discovery are not judicial documents). [2]

## CONCLUSION

For the reasons set forth herein, the Motion to Unseal is DENIED.

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
        March 17, 2023

---

[2] The Court notes that Defendant Persico attached, under seal, an unofficial transcription of a portion of one of the communications to his reply in support of his motion for bond. *See* ECF No. 434-4. This transcript does not become a judicial document by virtue of this attachment or filing. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.").