# RUBINSTEIN & COROZZO, LLP
### COUNSELORS AT LAW

260 MADISON AVENUE, 22ND FLOOR
NEW YORK, N.Y. 10016
TELEPHONE (212) 545-8777; FAX (917) 722-8206
INFO@RUBCORLAW.COM

**RONALD RUBINSTEIN**
**JOSEPH R. COROZZO**

**ANGELA D. LIPSMAN (NY; NJ)**

Of Counsel:
**MARSHALL A. MINTZ**

August 16, 2023

Judge Hector Gonzalez
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. Theodore Persico
21 CR 466 (HG)

Dear Judge Gonzalez,

      We represent Defendant Theodore Persico ("Persico"). We write to request the Court order that the interview of Mr. Persico for the Presentence Investigation Report ("PSR") be conducted either at the Metropolitan Detention Center in Brooklyn ("MDC"), or, in the alternative, that the interview be conducted remotely via video conference or teleconference, with Mr. Persico participating from the MDC.

      Mr. Persico pled guilty to Count One of the Superseding Indictment on July 12, 2023. On August 3, 2023, U.S. Probation Officer Frank T. Nikolaidis ("P.O. Nikolaidis") emailed defense counsel, asking when counsel "can be available for a presentence interview at the US Marshal holding pens in the basement of the Brooklyn courthouse." Ex. A - 8/3/23 Email from USPO.

      Shortly thereafter, defense counsel contacted P.O. Nikolaidis and advised him that we could do the presentence interview anytime at the MDC, but that we object to conducting the interview in the holding pens of the courthouse. When P.O. Nikolaidis insisted he could not go to the MDC for the interview, counsel advised that we would see if our client was willing to consent to being interviewed in the holding pens at the courthouse.

      To that end, Ian Healy ("Healy")[1] from our office visited with Mr. Persico at the MDC yesterday.

---

[1] Mr. Healy is a law school graduate who has been offered an associate position with defense counsel's firm contingent on his becoming admitted to practice law. Mr. Healy began interning for the undersigned's firm while he was still in law school, and has been assisting the defense team since the beginning of Mr. Persico's case.

1

As defense counsel and Mr. Healy were traveling to the law office after visiting with Mr. Persico this morning, P.O. Nikolaidis called defense counsel's cellphone number, and counsel accepted the call, putting the phone on speaker.

In this phone call, defense counsel explained the defendant's position. Upon information and belief, the lights in the U.S. Marshal holding pens in the basement of the courthouse are controlled by a motion sensor located on the visitor's side of the pen and if there has been no activity on the visitor's side for a period of time, the lights in the holding pen go out, leaving the confined inmate in the dark.

It is our understanding that on the day of a co-defendant's interview by U.S. Probation in the courthouse basement, the co-defendant, after being woken up in the early morning hours in preparation for the trip to the courthouse, left the MDC hours later at 7:00 a.m. The co-defendant arrived in the holding pens of the courthouse at 10:00 a.m., and did not return to the MDC that day until 11:00 PM (over *twelve hours* after his arrival for the interview), including approximately *three hours* that the co-defendant was kept on the bus outside of the MDC, waiting to be escorted back into the institution. In between, the co-defendant waited in the holding pens in the courthouse basement all day, with the lights repeatedly turning off. Moreover, the co-defendant remained handcuffed the entire time, including not only the hours that he spent waiting in the courthouse basement to be interviewed, but also throughout the three hours that he was detained on the bus and during the interview itself.

We respectfully submit that Mr. Persico should not have to undergo these hardships in order to be interviewed for his PSR. In less than one month from today, Mr. Persico will be 60 years old. Lab results have indicated that he is anemic.[2]

We feel it is safe to presume that P.O. Nikolaidis has never personally experienced what it is like for a 60 year old anemic man to spend hours handcuffed in a basement holding pen with the lights periodically turning off followed by yet another three hours handcuffed on a bus.

Therefore, when P.O. Nikolaidis telephoned this morning, defense counsel explained that Mr. Persico would not be able to tolerate the conditions in the courthouse holding pens and proposed that he either be interviewed at the MDC or, as an alternative, that the interview be conducted by video conference (with Mr. Persico participating from the MDC). Defense counsel further added that we can have someone from the law firm available any day, any time, to go to the MDC for the presentence interview.

The Probation Officer responded that he was refusing to conduct the interview at the MDC because going to the MDC would not be an effective use of his time.

In the over thirty years that lead defense counsel has been practicing law in this and other District Courts (and in the decade since Ms. Lipsman was admitted to practice in this District),

---

[2] Letter from Dr. John K. Zafaranloo, M.D., P.C., which was previously submitted under seal as Exhibit D to the Defendant's application for review of Magistrate Cho's denial of bail. (A redacted version of the February 21, 2023 application was filed as ECF # 425.)

we have never before had a case where a client's presentence interview was conducted in the holding pens of a courthouse. In our past experience, detained clients have always had their PSR interviews conducted at either the MDC or the Metropolitan Correctional Center. (And, during the pandemic, non-detained clients were interviewed by telephone.)

We are therefore unclear as to how it would be a waste of the *U.S. Probation Officer's* time to conduct the interview at the MDC or why it would be necessary to conduct the interview from the holding pens in the courthouse basement instead of utilizing already existing technology to conduct the interview either by video conference or telephone conference. As a Senior U.S. Probation Officer, we cannot imagine that this could possibly be the first occasion that P.O. Nikolaidis would be conducting a presentence interview either at the MDC or remotely.

We respectfully submit that, if anything, U.S. Probation's intransigence is wasting the *Court's* time by forcing us to seek Court intervention instead of making a reasonable accommodation for a nearly 60 year old inmate. (That is, if going to the MDC to conduct an interview—a routine practice for U.S. Probation Officers throughout our combined four decades of experience—can now be considered an "accommodation").

WHEREFORE, we respectfully request that the Court issue an Order that U.S. Probation conduct the presentence interview of Mr. Persico at the MDC or, in the alternative, that the interview be conducted remotely, via either video conference or teleconference, with Mr. Persico participating in the interview from the MDC.

Thank you for your consideration.

Respectfully submitted,

/s/ *Joseph R. Corozzo*
Joseph R. Corozzo, Esq.
Rubinstein & Corozzo, LLP
*Attorneys for Defendant*
*Theodore Persico*

/s/ *Angela D. Lipsman*
Angela D. Lipsman, Esq.
Rubinstein & Corozzo, LLP
*Attorneys for Defendant*
*Theodore Persico*

cc: A.U.S.A.s Devon Lash, James McDonald,
    Michael Gibaldi, Andrew Reich (via ECF)

   Senior U.S.P.O. Frank T. Nikolaidis (via email)