|  | U.S. Department of Justice |
|---|---|
|  | *United States Attorney*<br>*Eastern District of New York* |
| TH:DEL/MWG/ADR<br>F. #2020R00637 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

December 14, 2023

<u>By ECF</u>

The Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>United States v. Theodore Persico</u>
               <u>Criminal Docket No. 21-466 (S-1) (HG)</u>

Dear Judge Gonzalez:

        The government respectfully submits this letter in advance of sentencing of defendant Theodore Persico, Jr., currently scheduled for December 15, 2023, and in response to Persico's reply dated December 13, 2023.

        The representations in Persico's submission are at odds with the essential elements of the offense to which he pleaded guilty and his acceptance of responsibility for his conduct. For example, Persico argues that as of June 2021, Persico "had not made any present decisions on the extortion scheme. The scheme ('the deal') involved an agreement among co-defendants that Persico was not involved in making." Persico Reply at 9. Persico also claims that he did not have an "active role" and "had no influence over the scheme" whatsoever. <u>Id.</u> Counsel also argues that "Persico had not made any decisions or otherwise influenced the extortion" as of July 2021.

        Persico appears to be denying his participation in the crime to which he pleaded guilty. The government respectfully requests that the Court consider these representations in determining whether the defendant has accepted responsibility for the full scope of the offense. <u>See</u> <u>United States v. Zhuang</u>, 270 F.3d 107, 110 (2d Cir. 2001) (affirming district court's finding that the defendant had not accepted responsibility where defendant's statements "reflect[ed] a lack of acknowledgment that he ha[d] committed a crime"); <u>United States v. Rivera</u>, 96 F.3d 41, 43 (2d Cir. 1996) (upholding denial of § 3E1.1 reduction where defendant had not shown "contrition and candor"); <u>United States v. Mazza</u>, 503 F. App'x 9, 10-11 (2d Cir. 2012) ("[A] defendant's refusal to admit to his role as leader of the conspiracy . . . is in itself a proper basis upon which the district court denied Defendant a reduction for acceptance of responsibility.")

The government will be prepared to respond to Persico's specific arguments regarding his culpability and his role in the scheme at the sentencing hearing tomorrow.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Devon Lash
Michael W. Gibaldi
Andrew D. Reich
Assistant United States Attorneys
(718) 254-7000

cc: Clerk of Court (HG) (by ECF and Email)
Joseph R. Corozzo, Esq. and Angela Lipsman, Esq. (by ECF and Email)
United States Probation Officer Frank Nikolaidis (by E-Mail)